Butts *v.* Huntley.

---

## A. H. D. Butts, appellant *v.* Joseph Huntley, appellee.

*Appeal from Adams.*

The law is well settled, that where there is a written contract to perform a particular piece of work, and the workman performs a part of the work, and is prevented from finishing it by the other party, that he may treat the contract as rescinded, and recover the value of his labour in an action of assumpsit.
A justice of the peace has jurisdiction in such case.

This cause was tried at the September term, 1836, of the Adams Circuit Court, before the Hon. Richard M. Young. Judgment was rendered for the appellee for $64,62 and costs.

(1) R. L. 313 ; Gale's Stat. 313.

Butts *v.* Huntley.

On the trial in the Court below, the following bill of exceptions was taken:

"Be it remembered that on the trial of the above cause, the plaintiff called Huntley, as a witness, who, after being duly sworn, stated that sometime in March, 1836, the plaintiff was employed as a millwright by the defendant, to build for the defendant a saw mill—that the plaintiff employed one other hand and witness to assist him, and that the three worked upon the timbers of the defendant's mill, about twelve days, and in this time performed nearly all the work that could be performed upon the timbers until the mill irons were furnished. The timbers were not entirely finished, but the principal part of the work had been done upon them; and they might be regarded as in a state of readiness for the mill irons, and for being placed in the mill when that should be raised. Plaintiff then remained at defendant's, till the time at which the mill was to have been completed, and the defendant not having furnished the irons for the mill, the plaintiff and the hands he had to assist him, left the defendant's employment, and never returned to complete the work. The witness further stated, that all the work which was done by the plaintiff for the defendant, was done under and by virtue of a written agreement between plaintiff and defendant. They at one time had to quit work for want of some of the necessary irons. They went home and remained a week, and returned to defendant's to proceed with the work, but defendant had not yet procured all the necessary irons, and after waiting several days at defendant's, they left there on the 21st day of April, 1836, and did not again return. The defendant had not yet had his mill-dam built, nor had he furnished any head of water with which to run the saw. They had done all that they could conveniently do, for want of materials to be furnished by defendant, and in doing what they did, they had worked to a disadvantage for want of said materials. About two-thirds of said work was done, and plaintiff could have finished it in the time stipulated, if he had not been prevented by default of defendant.

Greenhill Tucker was then called, and being sworn, stated that he had been employed by the plaintiff to assist him in doing the wood work of a saw mill for the defendant, and that he worked with the plaintiff on the timbers of said mill, about twelve days; that in that time they had done nearly all the work that could be done upon the timbers, till the irons were furnished, and they might be considered as prepared for the reception of the irons. Plaintiff remained at defendant's until the day on which the mill was to have been completed; and as the irons for the mill were not furnished, the plaintiff left, and did not afterwards return to

finish the work. The witness further stated, that all the work which was done on and about the mill of the defendant, by the plaintiff, was performed under and by virtue of an agreement in writing entered into between the plaintiff and defendant.

The plaintiff then produced the written agreement spoken of by the witnesses, and gave the same in evidence, which said agreement is in the words and figures following, to wit:

'Article of agreement made and concluded this 18th day of March, in the year of our Lord 1836, between A. H. D. Butts of Adams county, and State of Illinois, of the one part, and Joseph Huntley, of Schuyler county, and State aforesaid, of the other part, WITNESSETH, That the said Joseph Huntley agrees to do all the millwright work to a saw-mill for A. H. D. Butts, and warrant the said mill to cut three thousand feet of good merchantable lumber, one inch thick, of white oak, black walnut, white walnut, and hackberry, equally divided, in twenty-four hours, for the sum of one hundred and seventy-five dollars; and all the said mill cuts over the said three thousand feet, in the said twenty-four hours, the said A. H. D. Butts is to pay the said Huntley ten dollars per hundred for all over,—and the said Butts is to furnish a six feet head of water, and to board the said Huntley, and do all the drawing of the mill timber, and the said Huntley is to use two, and not exceed two and a half feet from the bottom of the wheel to the head of water. The said parties both agree to be ready by the 21st day of April, for the said mill to go into operation. The said Huntley is to do his work good and substantially, and in a workmanlike manner; and the said Butts agrees that the time of filing is not to be included in the twenty-four hours.

In witness our hands and seals the above date.

A. H. D. BUTTS.          [L.S.]
his
JOSEPH ⋈ HUNTLEY.      [L.S.]

Witness,                        mark.
B. G. H. TUCKER.'

This being all the evidence offered on the part of the plaintiff, the defendant, by his counsel, moved the Court to instruct the jury to find for the defendant as in case of nonsuit; but the Court overruled the motion, and refused to give the instruction asked, to which opinion of the Court, in overruling said motion, and refusing to give said instruction, the defendant by his counsel excepts, and prays the Court to sign and seal this his bill of exceptions. Exceptions allowed."

O. H. BROWNING and T. FORD, for the appellant, contended, that as the terms of the agreement were not performed, covenant, and not assumpsit, was the proper action, and that the justice of

the peace had no jurisdiction.   1 Selw. N. P. 64 and note; 2 Starkie, new ed. *55 et seq.*

A. WILLIAMS, L. DAVIS, and F. FORMAN, for the appellee, relied on the following authorities :

12 Johns. 275; 15 Johns. 224; 13 Johns. 53; 7 Johns. 132 and cases there cited; 10 Johns. 36; 5 Johns. 87; Wendell's Dig. 44; 2 Stark. Ev. 70 and cases there cited; Chit. Cont. 87; 2 Com. Cont. 84 and 85 ; 1 Chit. Plead. 118 note 1, as to valid contracts.

LOCKWOOD, Justice, delivered the opinion of the Court :

This was an action of *assumpsit* commenced originally before a justice of the peace, by Huntley against Butts, for work and labor.   On the trial of the cause in the Circuit Court, it appeared from the testimony, that the parties entered into a written agreement under seal, that Huntley should do the mill-wright work to a saw-mill by the 21st of April, 1836, and that Butts should furnish the materials.   It was further proved that Huntley and two hands worked at the mill for twelve days each, and would have completed the mill by the day stipulated, but that Butts did not furnish the mill irons and other materials, and so prevented Huntley from finishing the mill.   The action was brought to recover the value of the work done.   After the testimony of the plaintiff below was concluded, the defendant moved the Court to instruct the jury to find for the defendant as in case of nonsuit; which instruction the Court below refused to give. This refusal of the Court is assigned for error.   It was contended, on the argument, that as some work was done under the written contract, that covenant, and not assumpsit, was the proper form of action.   This position would have been correct had Huntley sought to recover the full sum stipulated to be paid upon the completion of the mill ; but by bringing an action of assumpsit, the plaintiff could only recover the value of the work done.   The law is well settled, that where a written contract exists to perform a particular piece of work, and the workman performs part, and is prevented from finishing it by the other party, he may treat the contract as rescinded, and recover the value of his labor. The Circuit Court, consequently, decided correctly in overruling the motion to instruct the jury as in case of nonsuit.

The judgment is affirmed with costs.

*Judgment affirmed.*